**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| ROBERT WHITTAKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:21-CV-549 SRW |
| ) | |
| JEAN DOE #1, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for extension of time to effectuate service. Also before the Court is plaintiff's motion for leave to file an amended complaint. The Court will grant plaintiff's motion for leave to file an amended complaint. Plaintiff shall have twenty-one (21) days from the date of this Memorandum and Order to file an amended complaint in compliance with this Court's Order. Additionally, plaintiff shall not be expected to effectuate service in this matter until the Court has reviewed the amended complaint, pursuant to 28 U.S.C. § 1915A.[1]

### The Complaint

Plaintiff, inmate Robert L. Whittaker, filed the instant action pursuant to 42 U.S.C. § 1983 on May 10, 2021. In his complaint, plaintiff complains that in 2015 through 2017, he was housed in the St. Louis City Justice Center, and he was told that he had tested negative for tuberculosis (TB) yearly, pursuant to the Infectious Screening Policy.[2] However, when plaintiff was transferred

---

[1] Plaintiff has accumulated three strikes pursuant to 28 U.S.C. § 1915(g), thus, he has paid the full $402 filing fee in this action and will be obligated to effectuate service of process on his own behalf on all the defendants in this action.

[2] This is the fourth case plaintiff has brought in this District Court relative to his TB exposure. *See Whittaker v. St. Louis City Justice Center,* No. 4:18-CV-1717 SNLJ (E.D.Mo) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)); *Whittaker v. Unknown Frazier*, No. 4:19-CV-2929 SNLJ (E.D.Mo) (dismissed pursuant to

to the Eastern Reception, Diagnostic and Correctional Center (ERDCC) in April of 2017, he was found to be positive for TB and placed on oral medication for TB at that time. When plaintiff began having side effects from the first prescription treatment, he was placed on a second oral medication for TB which caused no side effects, and this fully resolved his TB. Nonetheless, plaintiff wishes to sue defendants at the St. Louis City Justice Center, as well as a Nurse and Doctor at ERDCC for what he believes to be deliberate indifference to his serious medical needs in violation of the Eighth Amendment.

## Discussion

In his motion to amend his complaint, plaintiff states that he would like to amend his present complaint. Plaintiff does not indicate the reason he seeks to amend his complaint or the type of amendments he seeks. However, he states that he does not wish to delay this action.

As review of plaintiff's complaint has not yet been completed pursuant to 28 U.S.C.§ 1915A and service has not yet occurred in this action, thus, defendants have not yet answered, the Court will grant plaintiff's request to amend his pleading. Plaintiff's amended complaint will be due to the Court no later than twenty-one (21) days from the date of this Memorandum and Order, and it must be completed on a court-provided form. Plaintiff is advised that the amended complaint will replace the original complaint. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect").

Plaintiffs must type or neatly print the amended complaint on a Court-provided form. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be

---

28 U.S.C. § 1915(e)(2)(B); *Whittaker v. Doe*, No. 4:21-CV-0097 SRW (E.D.Mo) (dismissed pursuant to 28 U.S.C. § 1915(g)).

filed on Court-provided forms where applicable."). <u>Plaintiff should fully complete the complaint form, and he must sign the complaint form pursuant to Federal Rule of Civil Procedure 11</u>.

In the "Caption" section of the complaint form, plaintiff should write each defendant's name or names. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff should specify whether he is suing each defendant in an official capacity, individual capacity, or both. Plaintiff must avoid naming anyone as a defendant unless that person is directly related to their claim.

In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support their claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state each claim in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that plaintiff allege facts explaining how the defendant was personally involved in or directly responsible for causing harm. *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim.").

Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to file an amended complaint [ECF No. 13] is **GRANTED.**

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this Memorandum and Order, plaintiff shall file an amended complaint in accordance with the instructions herein.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a copy of the Court's Civil Complaint form.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time to effectuate service [ECF No. 12] is **GRANTED**. An Order relative to service shall be entered after review of the amended complaint pursuant to 28 U.S.C. § 1915A.

**The failure to timely comply with this order may result in the dismissal of this case, without prejudice and without further notice.**

Dated this 21st day of October, 2021.

*/s/ Stephen R. Welby*
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE