# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DISTRICT

| | | |
|---|---|---|
| ROBERT L. WHITTAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-CV-549 SRW |
| | ) | |
| DALE GLASS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on review of plaintiff Robert Whittaker's amended complaint pursuant to 28 U.S.C. § 1915A.[1] For the reasons discussed below, the Court will dismiss plaintiff's claims against defendants Dale Glass, Jamie Lambing, and Unknown Frazier. However, the Court has determined that the individual capacity claims against defendant Dr. Susan Unknown for deliberate indifference to his serious medical needs in violation of the Eighth Amendment are sufficient for purposes of 28 U.S.C. § 1915A review.

### Plaintiff's Amended Complaint

Plaintiff, an inmate at Northeast Correctional Center (NECC), brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights during his incarceration at the St. Louis City Justice Center and Eastern Reception, Diagnostic Correctional Center (ERDCC). He filed his original complaint on May 10, 2021, asserting claims of deliberate indifference to his serious medical needs in violation of the Eighth Amendment.

---

[1] Plaintiff paid the $402 filing fee on April 29, 2021.

On September 16, 2021, plaintiff moved for leave to amend his complaint. On October 21, 2021, the Court granted plaintiff's motion for leave to amend and on November 8, 2021, plaintiff filed his amended complaint.

Plaintiff's amended complaint, brought pursuant to 42 U.S.C. § 1983, alleges violations of his civil rights during his incarceration at the St. Louis City Justice Center and ERDCC. He names the following individuals as defendants in this action: Dale Glass (Commissioner, St. Louis City Justice Center); Jamie Lambing (Director, St. Louis Division of Corrections); Nurse Unknown Frazier (Infectious Disease Nurse, St. Louis City Justice Center); and Dr. Susan Unknown (Corizon, Inc. employee, ERDCC). Plaintiff sues the defendants in their individual capacities only.

Plaintiff alleges that he was a resident at the St. Louis City Justice Center in August of 2015 at the time when Dale Glass was the Commissioner of the Justice Center and Jamie Lambing was the Director of the Division of Corrections for St. Louis City. He claims that both individuals were "educated on the new arrival of an infectious disease prisoner who is to be segregated from the general population." However, plaintiff does not state that either defendant was informed about his purported negative or positive status relating to an infectious disease. Plaintiff also does not assert that either defendant violated his constitutional rights.

Plaintiff states that on or about August 1, 2015, he was tested for Tuberculosis (TB). He alleges that "all new arrivals are tested upon reception [to] the" Justice Center. He claims he tested negative for TB at that time. Plaintiff does not state how many times he was tested for TB at the Justice Center.

Plaintiff alleges that on or about March 17, 2017, he was "called out of Pod-3C so TB testing could be performed" by infectious disease Nurse Unknown Frazier. He claims that the test

results returned on March 20, 2017. Plaintiff states that, "Nurse Frazier informed me of my results" and the results came back negative.

Plaintiff was purportedly transferred from the Justice Center to ERDCC on April 17, 2017. He states that "an on-site nurse demanded that [he] be tested for TB" upon his transfer. Plaintiff claims that he was told on April 20, 2017 that he had been exposed to TB. Plaintiff states that the nurse who informed him that he had TB told him that he must have had TB for some time. However, he does not expand on this conclusory statement. He claims that he "was not segregated from ERDCC's general population" after he was told he had been exposed to TB. Rather, he could go to the dining hall, religious services, medical appointments, canteen, work duties, etc.

Plaintiff does not indicate on what date he allegedly received treatment for the TB, but he claims that defendant Dr. Susan Unknown, a Corizon, Inc. employee at ERDCC, prescribed him 300 mg of Isoniazid, as well as an unknown amount of Pyridoxine for a six-month period. He claims that Dr. Susan Unknown did not inform him of the possible side effects of the medication he was prescribed. He states that within a two-week period he started coughing and producing thick phlegm.

Plaintiff claims that he was transferred from ERDCC to Southeastern Correctional Center (SECC) on July 27, 2017. He asserts that upon "testing" at ERDCC, he was informed that he was in kidney failure due to ingestion of the Isoniazid and Pyridoxine for over three months. He states that he was informed by an unnamed person that the damage to his kidneys is irreparable and irreversible.

Plaintiff seeks compensatory and punitive damages in this action.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915A, the Court is required to review a civil complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915(A)(a). The term "prisoner" is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law." 28 U.S.C. § 1915A(c). Pursuant to this section, the Court must dismiss a complaint if it "is frivolous, malicious, or fails to state a claim upon which relief can be granted," or if it "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(A)(b). Here, plaintiff is a convicted state prisoner who is suing employees of a governmental entity. Therefore, his first amended complaint is subject to 28 U.S.C. § 1915A screening.

To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true but is not required to "accept as true any legal conclusion couched as a factual allegation").

**Discussion**

The Court has reviewed plaintiff's amended complaint in its entirety. After reviewing plaintiff's allegations, the Court will dismiss plaintiff's claims against defendants Dale Glass, Jamie Lambing, and Unknown Frazier. However, the Court has determined that the individual capacity claims against defendant Dr. Susan Unknown for deliberate indifference to his medical needs in violation of the Eighth Amendment are sufficient for purposes of 28 U.S.C. § 1915A review.

**A.  Plaintiff's Claims Against Dale Glass and Jamie Lambing**

Plaintiff's claims against Dale Glass, the Commissioner of the St. Louis City Justice Center, as well as those against Jamie Lambing, the Director of the St. Louis Division of Corrections are subject to dismissal as he has not provided any factual allegations establishing a constitutional violation against these defendants.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990), *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). Plaintiff cannot hold the defendants liable simply because they held supervisory or administrative positions at the St. Louis City Justice Center. *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (claims sounding in *respondeat superior* are not cognizable under § 1983). It is not enough for plaintiff to assert that both defendant Glass and defendant Lambing were "educated on the new arrival of an infectious disease prisoner who is to be segregated from the general population." Plaintiff has not asserted how defendant Glass or Lambing deprived him of

his constitutional rights during his incarceration at the Justice Center. Therefore, his claims against these defendants are subject to dismissal.

**B. Plaintiff's Claims Against Defendant Nurse Unknown Frazier**

Plaintiff's claims against defendant Nurse Unknown Frazier for a violation of the Eighth Amendment are also subject to dismissal.

The Eighth Amendment's prohibition on cruel and unusual punishment protects prisoners from deliberate indifference to serious medical needs. *Luckert v. Dodge Cnty.,* 684 F.3d 808, 817 (8th Cir. 2012). To survive initial review, plaintiff must plead facts sufficient to state a plausible claim for deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. *Estelle,* 429 U.S. at 106. To adequately plead deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of, but deliberately disregarded those needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997).

A "serious medical need" is "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Holden v. Hirner,* 663 F.3d 336, 342 (8th Cir. 2011) (quoted case omitted). Deliberate indifference may be demonstrated by prison officials who intentionally deny or delay access to medical care. *Estelle,* 429 U.S. at 104-05. When a delay in treatment is alleged to have violated an inmate's constitutional rights, the objective severity of the deprivation should also be measured by reference to the effect of the delay in treatment. *Jackson v. Riebold,* 815 F.3d 1114, 1120 (8th Cir. 2016) (citing *Laughlin v. Schriro,* 430 F.3d 927, 929 (8th Cir. 2005)).

Plaintiff alleges that on or about March 17, 2017, he was "called out of Pod-3C so TB testing could be performed" by infectious disease Nurse Unknown Frazier. He claims that the test results returned on March 20, 2017. Plaintiff states that, "Nurse Frazier informed me of my results" and the results came back negative. Plaintiff was purportedly transferred from the Justice Center to ERDCC on April 17, 2017. He states that "an on-site nurse demanded that [he] be tested for TB" upon his transfer. Plaintiff claims that he was told on April 20, 2017 that he had been exposed to TB. Plaintiff states in a conclusory manner that he was told he must have had TB for quite some time.

From his assertions in his complaint, plaintiff appears to allege that Nurse Frazier should be held liable for failing to diagnose his TB when she tested him on March 17, 2017, based on an unknown nurse's speculation at ERDCC that he had to have had TB for more than a month when he was diagnosed in April of 2017.

Plaintiff's conclusory assertions that he must have been *misdiagnosed* as not having TB by Nurse Frazier in March of 2017 wholly lack factual support, are not entitled to a presumption of truth, and cannot form the basis of a deliberate indifference claim. *See Iqbal,* 556 U.S. at 678. Even self-represented plaintiffs are required to allege facts in support of their claims, and the Court will not assume facts that are not alleged. *See Stone v. Harry,* 364 F.3d 912, 914-15 (8th Cir. 2004).

In this case, plaintiff has not indicated that Nurse Frazier failed to properly treat him for his TB. Instead, his allegations rest on an unfounded assumption that he must have been *misdiagnosed* by Nurse Frazier because a nurse from ERDCC later told him that he had TB and most likely had carried it for quite some time. Unfortunately, such an assumption, which plaintiff gathers from speculation from an unnamed person at ERDCC, cannot form the basis for deliberate indifference to serious medical needs under the Eighth Amendment.

### C. Plaintiff's Allegations Against Defendant Dr. Susan Unknown

Finally, plaintiff alleges that Dr. Susan Unknown at ERDCC prescribed him 300 mg of Isoniazid, as well as an unknown amount of Pyridoxine for a six-month period to treat his TB. He claims that Dr. Susan Unknown did not inform him of the possible side effects of the medication he was prescribed and later, when he was transferred to SECC, he found out that he was in kidney failure because of having taken the medication for TB. He claims that the damage to his kidneys is irreparable and irreversible.

Based on plaintiff's allegations that defendant Dr. Susan Unknown failed to advise him of the side effects of the TB medications of Isoniazid and Pyridoxine, the Court will issue process against Dr. Susan Unknown, a Corizon, Inc. employee at ERDCC, in her individual capacity, for deliberate indifference to plaintiff's serious medical needs.

### D. Service of Process

As noted above, plaintiff has paid the required civil filing fee in this matter. Consequently, the Court is not responsible for service of process pursuant to 28 U.S.C. § 1915. *See* 28 U.S.C. § 1915(d) (providing that "[t]he officers of the court shall issue and serve all process"). Pursuant to the Federal Rules of Civil Procedure, plaintiff is advised that service may be effectuated by "[a]ny person who is at least 18 years old and *not a party*" to this case. *See* Fed. R. Civ. P. 4(c)(2) (emphasis added). This means that plaintiff must find a qualified person to serve process on the amended complaint with respect to his claims against Dr. Susan Unknown, a Corizon employee.

Ordinarily, a plaintiff has ninety (90) days from the filing of the complaint to serve process on defendants. *See* Fed. R. Civ. P. 4(m). However, because initial review of plaintiff's amended complaint has just been completed, the Court will give plaintiff ninety (90) days from the date of this order to complete process on defendant Dr. Susan Unknown. The Clerk of Court will be

directed to prepare a summons for defendant Dr. Susan Unknown in her individual capacity, and to deliver it to plaintiff for service.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's claims against defendants Dale Glass, Jamie Lambing, and Unknown Frazier are **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915A(b)(1). A separate order of partial dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's claim for deliberate indifference to his serious medical needs against defendant Dr. Susan Unknown, a Corizon employee, has survived review pursuant to 28 U.S.C. § 1915A.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff a copy of the amended complaint and summons for defendant Dr. Susan Unknown, so plaintiff he may effectuate service of process on Dr. Susan Unknown, an employee of Corizon, Inc.

**IT IS FURTHER ORDERED** that plaintiff shall cause service to be effectuated upon defendant Dr. Susan Unknown no later than **February 15, 2022**.

**IT IS FURTHER ORDERED** that in the absence of good cause shown, the failure to timely serve Dr. Susan Unknown with summons and the amended complaint by **February 15, 2022**, will result in the dismissal of plaintiff's amended complaint, without prejudice.

**IT IS FURTHER ORDERED** that an appeal of this Memorandum and Order would not be taken in good faith.

A separate Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 17th day of November, 2021.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**