# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ROBERT L. WHITTAKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:21-cv-00549 SRW |
| | ) |
| SHARON OWENS, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court for review pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Review of the record indicates that defendant Sharon Owens has not been served with process. Plaintiff seeks issuance of alias summons and an extension of time to serve defendant Owens with process. The Court will order issuance of alias summons, and plaintiff will be given twenty-one (21) additional days to serve process on Dr. Owens.

## Background

Plaintiff commenced this action on May 10, 2021, and he filed an amended complaint in this case on November 8, 2021. On November 17, 2021, the Court allowed process to issue pursuant to 28 U.S.C. § 1915A on defendant Dr. Susan Unknown, a Corizon employee.[1] Plaintiff was ordered to serve defendant Dr. Susan Unknown no later than February 15, 2022. However, on December 2, 2021, plaintiff filed a motion to amend his complaint.[2] The Court denied plaintiff's motion to amend his complaint; however, it granted plaintiff's request to substitute defendant Sharon Owens for Dr. Susan Unknown. The Court issued summons to plaintiff on behalf of Dr.

---

[1] Plaintiff paid the full filing fee in this action; therefore, he is responsible for service of process pursuant to 28 U.S.C. § 1915A.

[2] Plaintiff's amended complaint contained claims and parties previously dismissed by this Court in its Memorandum and Order and Order of Partial Dismissal entered on November 17, 2021; therefore, the Court denied plaintiff's request to amend his complaint. However, plaintiff's request to substitute defendant Sharon Owens for Dr. Susan Unknown was granted.

Sharon Owens, an employee of Corizon, Inc. on that same date. Plaintiff was ordered to serve Dr. Sharon Owens no later than February 15, 2022.

On January 27, 2022, plaintiff moved for a thirty-day (30) extension of time to effectuate service of process on defendant Sharon Owens. Plaintiff stated that, although he had acted with due diligence, the ongoing Covid-19 pandemic hindered his attempts to serve defendant Owens. On January 31, 2022, the Court granted plaintiff's motion for an extension of time for service of process on defendant Owens. Plaintiff was ordered to serve defendant Owens no later than March 2, 2022.

On March 3, 2022, the Court issued a Show Cause Order pursuant to Federal Rule of Civil Procedure 4(m). Plaintiff was given twenty-one (21) days to show cause why service had not been effectuated on defendant Owens in a timely manner. He was warned that his failure to do so would result in a dismissal of this action pursuant to Federal Rule of Civil Procedure 4(m).

On March 11, 2022, plaintiff filed a motion for extension of time in this matter. He stated he had turned over service to the Sheriff of St. Francois County. He asserted that once St. Francois County completed service on defendant Owens, plaintiff would respond to the Court. Plaintiff was ordered to respond to the Court within twenty-one (21) days of March 15, 2022, why his action should not be dismissed for failure to timely serve.

On March 17, 2022, plaintiff indicated he was attempting to serve process on defendant Owens through both Corizon Health, as well as the Eastern, Reception and Diagnostic Center in Bonne Terre, Missouri. On March 29, 2022, plaintiff filed with the Court a letter sent to him by Corizon Health stating the following:

> I am writing in response to the request mailed to Corizon Health for address and place of employment pertaining to Dr. Sharon Owens.
>
> Please be advised that we have conducted a due diligent search and according to our records a Sharon Owens is not now and never has been an employee of Corizon Health.

On March 31, 2022, plaintiff filed with the Court a "request" to modify the summons address. He states that he needs the Court to modify the summons to reflect one of two addresses: Corizon Health's Jefferson City, Missouri address or the Eastern, Reception, Diagnostic Center address in Bonne Terre, Mo.

### Discussion

As Corizon Health has already indicated that Dr. Sharon Owens was not employed by Corizon, the Court will not grant plaintiff's request to change the address on the summons for him to attempt to serve Dr. Owens at Corizon Health's address in Jefferson City, Missouri.

The Court will, however, request that the Clerk issue alias summons for Dr. Sharon Owens at the ERDCC. Plaintiff will be given twenty-one (21) days to effectuate service of process on Dr. Owens at the ERDCC. His failure to do so will result in a dismissal of this action pursuant to Federal Rule of Civil Procedure 4(m).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's request for alias summons for Dr. Sharon Owens [ECF No. 30] is granted.

**IT IS FURTHER ORDERED** that the Clerk shall send a copy of the amended complaint [ECF No. 15] and the alias summons for defendant Dr. Sharon Owens so plaintiff may effectuate service of process on Dr. Owens at the Eastern, Reception and Diagnostic Center in Bonne Terre, Missouri.

**IT IS FURTHER ORDERED** that, no later than twenty-one (21) days from the date of this Order, plaintiff shall cause service to be effectuated on Dr. Sharon Owens on the amended complaint in her individual capacity.

**IT IS FURTHER ORDERED** that, plaintiff's failure to serve Dr. Sharon Owens within twenty-one (21) days of the date of this Order shall result in the dismissal of this action, without prejudice, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

Dated this 8th day of April, 2022.

*[signature]*
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE