UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT L. WHITTAKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:21-cv-00549 SRW |
| | ) |
| SHARON OWENS, | ) |
| | ) |
| Defendant. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to compel discovery pursuant to Federal Rule of Civil Procedure 37. Plaintiff seeks to compel the Health Service Administrator at the Eastern Reception Diagnostic Center (ERDCC) to produce an address at which Dr. Sharon Owens may be served. Plaintiff's motion to compel will be denied.

**Background**

Plaintiff commenced this action in this Court on May 10, 2021, and he filed an amended complaint in this case on November 8, 2021. On November 17, 2021, the Court allowed process to issue pursuant to 28 U.S.C. § 1915A on defendant Dr. Susan Unknown, whom plaintiff identified as a Corizon employee.[1] Plaintiff was ordered to serve defendant Dr. Susan Unknown no later than February 15, 2022. However, on December 2, 2021, plaintiff filed a motion to amend his complaint.[2] The Court denied plaintiff's motion to amend his complaint; however, it granted plaintiff's request to substitute defendant Sharon Owens for Dr. Susan Unknown. The Court issued summons to plaintiff on behalf of Dr. Sharon Owens, whom plaintiff believed to be an employee

---

[1] Because plaintiff, a prisoner, paid the full filing fee in this action, he is responsible for service of process pursuant to 28 U.S.C. § 1915A.

[2] Because plaintiff's amended complaint contained claims and parties previously dismissed by this Court in its Memorandum and Order and Order of Partial Dismissal entered on November 17, 2021, the Court denied plaintiff's request to amend his complaint. However, plaintiff's request to substitute defendant Sharon Owens for Dr. Susan Unknown was granted.

of Corizon, Inc. on that same date. Plaintiff was ordered to serve Dr. Sharon Owens no later than February 15, 2022.

On January 27, 2022, plaintiff moved for a thirty-day (30) extension of time to effectuate service of process on defendant Sharon Owens. Plaintiff stated that although he had acted with due diligence, the ongoing Covid-19 pandemic had hindered his attempts to serve defendant Owens. On January 31, 2022, the Court granted plaintiff's motion for extension of time for service of process on defendant Owens. Plaintiff was ordered to serve defendant Owens no later than March 2, 2022.

On March 3, 2022, the Court issued a Show Cause Order pursuant to Federal Rule of Civil Procedure 4(m). Plaintiff was given twenty-one (21) days to show cause why service had not been effectuated on defendant Owens in a timely manner. He was warned that his failure to do so would result in a dismissal of this action pursuant to Federal Rule of Civil Procedure 4(m).

On March 11, 2022, plaintiff filed a motion for extension of time in this matter. He stated that he had turned over service to the Sheriff of St. Francois County. He asserted that once St. Francois County completed service on defendant Owens, plaintiff would respond to the Court. Plaintiff was ordered to respond to the Court within twenty-one (21) day of March 15, 2022, why his action should not be dismissed for failure to timely serve.

On March 17, 2022, plaintiff indicated that he was attempting to serve process on defendant Owens through both Corizon Health, as well as the Eastern, Reception and Diagnostic Center in Bonne Terre, Missouri. On March 29, 2022, plaintiff filed with the Court a letter sent to him by Corizon Health stating the following:

> I am writing in response to the request mailed to Corizon Health for address and place of employment pertaining to Dr. Sharon Owens.
>
> Please be advised that we have conducted a due diligent search and according to our records a Sharon Owens is not now and never has been an employee of Corizon Health.

On March 31, 2022, plaintiff filed with the Court a "request" to modify the summons address. He stated that he needed the Court to modify the summons to reflect one of two addresses: Corizon Health's Jefferson City, Missouri address or the Eastern, Reception, Diagnostic Center address in Bonne Terre, Mo. On April 8, 2022, the Court granted plaintiff's request for alias summons. However, because Corizon had already indicated that Dr. Sharon Owens was not employed by Corizon, the Court did not issue the summons for Corizon's address in Jefferson City, Missouri. The alias summons was instead issued for Dr. Sharon Owens at ERDCC. Plaintiff was given twenty-one (21) days to effectuate service of process on Dr. Owens at ERDCC. Plaintiff was explicitly told, however, that his failure to effectuate service on Dr. Owens within a timely manner would result in a dismissal of this action, pursuant to Federal Rule of Civil Procedure 4(m).

**Motion to Compel Discovery Pursuant to**
**Federal Rule of Civil Procedure 37**

On April 25, 2022, plaintiff filed the instant motion to compel before the Court. Plaintiff states that he is seeking to compel the Health Service Administrator at the Eastern Reception Diagnostic Center (ERDCC) to produce an address at which Dr. Sharon Owens may be served. He states that he asked a physician, one Dr. Robert Wudel, at Northeast Correctional Center (NECC), on April 19, 2022, the whereabouts and employment status of Dr. Sharon Owens. Plaintiff asserts that Dr. Wudel told him that Dr. Sharon Owens' proper name was Shannon K. Owens and provided him with her employee ID number. Plaintiff claims he provided this information to an investigator,

3

but the Health Service Administrator at ERDCC told the investigator he must have a Court Order to compel the ERDCC Medical Unit Administrator to produce Shannon K. Owens' address and/or forwarding address to the investigator so that service could be effectuated.

## Discussion

Federal Rule of Civil Procedure 37(a)(3) provides for various motions to compel disclosure or compel discovery depending on the nature of the failure by the other *party*. (emphasis added). Specifically, the Court may compel a discovery response if "a deponent fails to answer a question asked under Rule 30 or 31, a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4), a party fails to answer an interrogatory submitted under Rule 33, or [if] a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(i)–(iv). However, as emphasized above, motions to compel, except when provided to corporate designees, may only be remitted to *parties in an action*.

Plaintiff seeks a motion to compel to a non-party to provide him an address to serve a defendant in this action, in this case ERDCC, which is an Adult Correctional Facility run by the Missouri Department of Corrections. He admits that he has already attempted to serve a summons on Dr. Sharon Owens at ERDCC to no avail. Thus, a motion to compel the Health Services Administrator at ERDCC for Dr. Sharon Owens would obviously not provide any additional information.

Plaintiff does not know defendant's proper name or where she is currently working, guessing that plaintiff's name could be Shannon Owens, and that she may or may not still be working for the Missouri Department of Corrections based on information he has received from a

4

doctor who treated him at NECC. In fact, this is the third time he has proposed a new name for defendant Dr. Sharon Owens in this Court. Although plaintiff has made a valiant effort to effectuate service on defendant, he has not provided grounds for extending the time for service any further.

The Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915 on November 17, 2021, and on that date sent plaintiff summons to effectuate service on defendant Sharon Owens in this matter. One-Hundred Sixty-Six (166) days have passed since that time and no process has yet issued on defendant. Pursuant to Federal Rule of Civil Procedure 4(m), process is required within ninety (90) days. Plaintiff has been provided four extensions of time to effectuate process in this matter. Because good cause has not been shown, the Court will, simultaneously with this Order denying the motion to compel, dismiss this action pursuant to Federal Rule of Civil Procedure 4(m).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to compel [ECF No. 33] is **DENIED**.

**IT IS FURTHER ORDERED** that an appeal of this Order would not be taken in good faith.

An Order of Dismissal pursuant to Federal Rule of Civil Procedure 4(m) will be issue simultaneously.

Dated this 2nd day of May, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

5