UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ROBERT L. WHITTAKER,               )
                                   )
                Plaintiff,         )
                                   )
        v.                         )        No.  4:21-CV-549 SRW
                                   )
DALE GLASS, et al.,                )
                                   )
                                   )
                Defendants.        )

## OPINION, MEMORANDUM AND ORDER

This closed case is before the Court on self-represented plaintiff Robert Whittaker's motion to alter or amend the judgment in his civil rights action. On May 2, 2022, the Court dismissed this action pursuant Federal Rule of Civil Procedure 4(m). On May 13, 2022, plaintiff filed a motion to alter or amend the judgment. [ECF No. 38]. For the reasons discussed below, the Court will deny plaintiff's motion.

## Background

Plaintiff commenced this action on May 10, 2021, and he filed an amended complaint in this case on November 8, 2021. [ECF Nos. 1, 15]. On November 17, 2021, the Court allowed process to issue pursuant to 28 U.S.C. § 1915A on defendant Dr. Susan Unknown, a Corizon employee.[1] [ECF No. 16]. Plaintiff was ordered to serve defendant Dr. Susan Unknown no later than February 15, 2022. However, on December 2, 2021, plaintiff filed a motion to amend his complaint.[2] [ECF No. 20]. The Court denied plaintiff's motion to amend his complaint; however,

_____

[1]Plaintiff paid the full filing fee in this action. Therefore, pursuant to 28 U.S.C. § 1915A, he was responsible for service of process.

[2]Plaintiff's amended complaint contained claims and parties previously dismissed by this Court in its Memorandum and Order and Order of Partial Dismissal entered on November 17, 2021; therefore, the Court

it granted plaintiff's request to substitute defendant Sharon Owens for Dr. Susan Unknown. [ECF No. 21]. The Court issued summons to plaintiff on behalf of Dr. Sharon Owens, an employee of Corizon, Inc. on that same date. Plaintiff was ordered to serve Dr. Sharon Owens no later than February 15, 2022.

On January 27, 2022, plaintiff moved for a thirty-day (30) extension of time to effectuate service of process on defendant Sharon Owens. [ECF No. 23]. Plaintiff stated that, although he had acted with due diligence, the ongoing Covid-19 pandemic hindered his attempts to serve defendant Owens. On January 31, 2022, the Court granted plaintiff's motion for an extension of time for service of process on defendant Owens. [ECF No. 24]. Plaintiff was ordered to serve defendant Owens no later than March 2, 2022. *Id.*

On March 3, 2022, the Court issued a Show Cause Order pursuant to Federal Rule of Civil Procedure 4(m). [ECF No. 25]. Plaintiff was given twenty-one (21) days to show cause why service had not been effectuated on defendant Owens in a timely manner. He was warned that his failure to do so would result in a dismissal of this action pursuant to Federal Rule of Civil Procedure 4(m). *Id.*

On March 11, 2022, plaintiff filed a motion for extension of time in this matter. [ECF No. 26]. He stated he had turned over service to the Sheriff of St. Francois County. He asserted that once St. Francois County completed service on defendant Owens, plaintiff would respond to the Court. Plaintiff was ordered to respond to the Court within twenty-one (21) days of March 15, 2022, why his action should not be dismissed for failure to timely serve. [ECF No. 27].

On March 17, 2022, plaintiff indicated he was attempting to serve process on defendant Owens through both Corizon Health, as well as the Eastern, Reception and Diagnostic Center in

---

denied plaintiff's request to amend his complaint. However, plaintiff's request to substitute defendant Sharon Owens for Dr. Susan Unknown was granted.

Bonne Terre, Missouri. [ECF No. 28]. On March 29, 2022, plaintiff filed with the Court a letter

sent to him by Corizon Health stating the following:

> I am writing in response to the request mailed to Corizon Health for address and
> place of employment pertaining to Dr. Sharon Owens.
>
> Please be advised that we have conducted a due diligent search and according to
> our records a Sharon Owens is not now and never has been an employee of Corizon
> Health.

[ECF No. 29].

On March 31, 2022, plaintiff filed with the Court a "request" to modify the summons

address. He stated that he needed the Court to modify the summons to reflect one of two addresses:

Corizon Health's Jefferson City, Missouri address or the Eastern, Reception, Diagnostic Center

address in Bonne Terre, Mo. [ECF No. 30].

On April 8, 2022, the Court granted plaintiff's request for alias summons. [ECF No. 31].

However, because Corizon had already indicated that Dr. Sharon Owens was not employed by

Corizon, the Court did not issue the summons for Corizon's address in Jefferson City, Missouri.

The alias summons was instead issued for Dr. Sharon Owens at ERDCC. *Id.* Plaintiff was given

twenty-one (21) days to effectuate service of process on Dr. Owens at ERDCC. Plaintiff was

explicitly told, however, that his failure to effectuate service on Dr. Owens within a timely manner

would result in a dismissal of this action, pursuant to Federal Rule of Civil Procedure 4(m). *Id.*

On April 25, 2022, plaintiff filed a motion to compel discovery pursuant to Federal Rule

of Civil Procedure 37. [ECF No. 33]. The Court denied plaintiff's motion to compel on May 2,

2022, and at the same time dismissed the complaint pursuant to Federal Rule of Procedure 4(m)

for failure to effectuate timely service. [ECF No. 35].

**Discussion**

It is unclear whether plaintiff intends his motion to be brought under Rule 59(e) (motion to alter or amend the judgment) or Rule 60(b) (relief from judgment for mistake or other reason). Fed. R. Civ. P. 59(e), 60(b); s*ee also Sanders v. Clemco Indus.*, 862 F.2d 161, 164-65, 168–69 (8th Cir. 1988) (discussing differences in characterizing unlabeled motion for reconsideration as either under Rule 59(e) or Rule 60(b)). The Court will address both avenues for relief.

Under Rule 59(e), a court may alter or amend a judgment upon a motion filed no later than twenty-eight (28) days after entry of the judgment. *See* Fed. R. Civ. P. 59(e). Rule 59(e) gives the Court power to rectify its own mistakes in the period immediately following the entry of judgment. *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982). Rule 59(e) motions are limited, however, to correcting "manifest errors of law or fact or to present newly discovered evidence." *U.S. v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoted cases omitted). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments that could have been presented prior to judgment. Furthermore, district courts have broad discretion in determining whether to grant a Rule 59(e) motion. *Id.*

Federal Rule of Civil Procedure 60(b) provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

4

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

"Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (quoted case omitted). It is not intended to be a vehicle for seeking reconsideration of merit arguments that were previously considered by the court. *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).

Plaintiff asserts that he lacked the ability to serve defendant Shannon Owens because unidentified employees at Northeast Correctional Center "intentionally misled" plaintiff about Ms. Owens status as an employee in the Missouri Department of Corrections. Namely, plaintiff asserts that he was intentionally misled by unknown persons about her address and whether she was still employed by the Department of Corrections. However, plaintiff fails to provide factual information about exactly who "intentionally" misled him at the Missouri Department of Corrections/Northeast Correctional Center, as well as what he was told about Ms. Owens' name and her address for service.

Plaintiff's lack of specificity as to these details cannot form a basis for this Court to invoke Federal Rule of Civil Procedure 4(c)(3) and order the Marshal to effectuate service on plaintiff's behalf. Additionally, plaintiff is not entitled to service under 28 U.S.C. § 1915 as a pauper as he has accumulated three "strikes" for purposes of 28 § 1915(g).[3]

---

[3]*Whittaker v. St. Louis City Justice Center,* No. 4:18-CV-1717 SNLJ (E.D.Mo); *Whittaker v. Unknown Frazier,* No. 4:19-CV-2929 SNLJ (E.D.Mo); *Whittaker v. Cook II Green,* No. 1:19-CV-211 SRC (E.D.Mo); *Whittaker v. Redington,* No. 2:20-CV-12 SNLJ (E.D.Mo).

Plaintiff wishes to sue defendant Owens for deliberate indifference to his serious medical needs for acts that allegedly occurred sometime in 2017. Thus, he cannot claim that his complaint is alleging imminent danger of serious physical injury at this time, and he cannot proceed in forma pauperis in this action such that the Court could order the Marshal's Office to serve on his behalf.

After reviewing the arguments made by plaintiff in his motion the Court finds that there are no grounds for granting relief under either Rule 59(e) or 60(b). Plaintiff's motion fails to point to any mistake, newly discovered evidence, fraud, or other reason justifying reconsideration of the Court's judgment. Instead, his motion mostly revisits the same arguments made in plaintiff's prior motions relating to service before this Court. There are no exceptional circumstances here that justify extraordinary relief. Therefore, the Court declines to provide plaintiff with relief from final judgment in this matter. Plaintiff is therefore not entitled to reconsideration of the dismissal of his complaint, and his motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to alter or amend judgment [ECF No. 38] is **DENIED**.

**IT IS FURTHER ORDERED** that an appeal of this dismissal would not be taken in good faith.

Dated this 19th day of May, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE