# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| ROBERT L. WHITTAKER, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:21-CV-549 SRW |
| DALE GLASS, et al., | ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's third motion for reconsideration of the dismissal in this action. On May 2, 2022, the Court dismissed this action pursuant Federal Rule of Civil Procedure 4(m). On May 13, 2022, plaintiff filed a motion to alter or amend the judgment. [ECF No. 38]. The Court denied plaintiff's motion on May 19, 2022. [ECF No. 39]. On June 22, the Court denied plaintiff's second motion for reconsideration of this Court's dismissal, filed on the previous day. [ECF Nos. 21 and 22]. Plaintiff filed his third motion for reconsideration of the dismissal of this action on July 21, 2022, raising the same grounds as in his prior filings before this Court. For the reasons discussed below, the Court will deny plaintiff's third motion for reconsideration of the dismissal.

**Background**

Plaintiff commenced this action on May 10, 2021, and he filed an amended complaint in this case on November 8, 2021. [ECF Nos. 1, 15]. On November 17, 2021, the Court allowed process to issue pursuant to 28 U.S.C. § 1915A on defendant Dr. Susan Unknown, a Corizon

employee.[1] [ECF No. 16]. Plaintiff was ordered to serve defendant Dr. Susan Unknown no later than February 15, 2022. However, on December 2, 2021, plaintiff filed a motion to amend his complaint.[2] [ECF No. 20]. The Court denied plaintiff's motion to amend his complaint; however, it granted plaintiff's request to substitute defendant Sharon Owens for Dr. Susan Unknown. [ECF No. 21]. The Court issued summons to plaintiff on behalf of Dr. Sharon Owens, an employee of Corizon, Inc. on that same date. Plaintiff was ordered to serve Dr. Sharon Owens no later than February 15, 2022.

On January 27, 2022, plaintiff moved for a thirty-day (30) extension of time to effectuate service of process on defendant Sharon Owens. [ECF No. 23]. Plaintiff stated that, although he had acted with due diligence, the ongoing Covid-19 pandemic hindered his attempts to serve defendant Owens. On January 31, 2022, the Court granted plaintiff's motion for an extension of time for service of process on defendant Owens. [ECF No. 24]. Plaintiff was ordered to serve defendant Owens no later than March 2, 2022. *Id.*

On March 3, 2022, the Court issued a Show Cause Order pursuant to Federal Rule of Civil Procedure 4(m). [ECF No. 25]. Plaintiff was given twenty-one (21) days to show cause why service had not been effectuated on defendant Owens in a timely manner. He was warned that his failure to do so would result in a dismissal of this action pursuant to Federal Rule of Civil Procedure 4(m). *Id.*

---

[1] Plaintiff paid the full filing fee in this action. Therefore, pursuant to 28 U.S.C. § 1915A, he was responsible for service of process.

[2] Plaintiff's amended complaint contained claims and parties previously dismissed by this Court in its Memorandum and Order and Order of Partial Dismissal entered on November 17, 2021; therefore, the Court denied plaintiff's request to amend his complaint. However, plaintiff's request to substitute defendant Sharon Owens for Dr. Susan Unknown was granted.

On March 11, 2022, plaintiff filed a motion for extension of time in this matter. [ECF No. 26]. He stated he had turned over service to the Sheriff of St. Francois County. He asserted that once St. Francois County completed service on defendant Owens, plaintiff would respond to the Court. Plaintiff was ordered to respond to the Court within twenty-one (21) days of March 15, 2022, why his action should not be dismissed for failure to timely serve. [ECF No. 27].

On March 17, 2022, plaintiff indicated he was attempting to serve process on defendant Owens through both Corizon Health, as well as the Eastern, Reception and Diagnostic Center in Bonne Terre, Missouri. [ECF No. 28]. On March 29, 2022, plaintiff filed with the Court a letter sent to him by Corizon Health stating the following:

> I am writing in response to the request mailed to Corizon Health for address and place of employment pertaining to Dr. Sharon Owens.
>
> Please be advised that we have conducted a due diligent search and according to our records a Sharon Owens is not now and never has been an employee of Corizon Health.

[ECF No. 29].

On March 31, 2022, plaintiff filed with the Court a "request" to modify the summons address. He stated that he needed the Court to modify the summons to reflect one of two addresses: Corizon Health's Jefferson City, Missouri address or the Eastern, Reception, Diagnostic Center address in Bonne Terre, Mo. [ECF No. 30].

On April 8, 2022, the Court granted plaintiff's request for alias summons. [ECF No. 31]. However, because Corizon had already indicated that Dr. Sharon Owens was not employed by Corizon, the Court did not issue the summons for Corizon's address in Jefferson City, Missouri. The alias summons was instead issued for Dr. Sharon Owens at ERDCC. *Id.* Plaintiff was given twenty-one (21) days to effectuate service of process on Dr. Owens at ERDCC. Plaintiff was

explicitly told, however, that his failure to effectuate service on Dr. Owens within a timely manner would result in a dismissal of this action, pursuant to Federal Rule of Civil Procedure 4(m). *Id.*

On April 25, 2022, plaintiff filed a motion to compel discovery pursuant to Federal Rule of Civil Procedure 37. [ECF No. 33]. The Court denied plaintiff's motion to compel on May 2, 2022, and at the same time dismissed the complaint pursuant to Federal Rule of Procedure 4(m) for failure to effectuate timely service. [ECF No. 35].

On May 13, 2022, plaintiff filed a motion for reconsideration of the dismissal of this action. The Court reviewed plaintiff's motion pursuant to both Federal Rule of Civil Procedure 59(e) and 60(b). After a comprehensive review of the record, as well as plaintiff's motion before it, the Court found no reason to reconsider the dismissal.

Plaintiff asserted that he lacked the ability to serve defendant, who he referred to as "Shannon Owens," because unidentified employees at Northeast Correctional Center "intentionally misled" plaintiff about Ms. Owens' status as an employee in the Missouri Department of Corrections. Namely, plaintiff asserted that he was intentionally misled by unknown persons about her address and whether she was still employed by the Department of Corrections. However, plaintiff failed to provide information about exactly who "intentionally" misled him at the Missouri Department of Corrections/Northeast Correctional Center, as well as what he was told about Ms. Owens' name and her address for service. The Court found that plaintiff's lack of specificity as to these details could not form a basis to invoke Federal Rule of Civil Procedure 4(c)(3) such that the Court could order the Marshal to effectuate service on plaintiff's behalf. Additionally, plaintiff was not entitled to service under 28 U.S.C. § 1915 as a

pauper as he has accumulated three "strikes" for purposes of 28 § 1915(g).[3] Moreover, plaintiff wished to sue defendant for acts that allegedly occurred sometime in 2017, he could not claim that his complaint was alleging imminent danger of serious physical injury. Plaintiff's motion for reconsideration of the dismissal was therefore denied.

Plaintiff's second motion for reconsideration of the Court's dismissal was filed on June 21, 2022. [ECF No. 40]. In his motion, plaintiff asserts that Ms. Renee Oakley, a nurse at Northeast Correctional Center (NECC), was "willing to take full responsibility for misleading him on the spelling Sharon Owen's name wrong." Plaintiff stated:

> She got on the computer in my presence and seen her mistake and how she misspelled Ms. Shannon Owens as Sharon Owens. That's why Corizon and her place of employment at Bonne Terre MODOC said they never heard nor has employed anyone by that name.

On July 22, 2022, the Court denied plaintiff's motion finding that plaintiff had been given one-hundred and sixty-six (166) days to serve defendant Owens in this matter, almost double the amount required under the Federal Rules of Civil Procedure.[4] Plaintiff had failed to show that he was *intentionally* misled by the Court, a party to this lawsuit or even Ms. Oakley as to the proper name of defendant Owens, such that he could not obtain proper service on defendant Owens in a timely manner. Moreover, it appeared that he was still unsure if Dr. Owens' proper first name was Shannon or Sharon, as he refered to defendant Owens by both names in his motions for reconsideration. [ECF No. 41].

---

[3] *Whittaker v. St. Louis City Justice Center,* No. 4:18-CV-1717 SNLJ (E.D.Mo); *Whittaker v. Unknown Frazier,* No. 4:19-CV-2929 SNLJ (E.D.Mo); *Whittaker v. Cook II Green,* No. 1:19-CV-211 SRC (E.D.Mo); *Whittaker v. Redington,* No. 2:20-CV-12 SNLJ (E.D.Mo).

[4] Process was issued on November 17, 2021 [ECF No. 16] and the action was dismissed pursuant to Federal Rule of Civil Procedure 4(m) on May 2, 2022. [ECF No. 36].

In plaintiff's third motion for reconsideration, plaintiff asserts that Deputy Gary Brown, of the Williamson County Sheriff's Office in Williamson County, Tennessee, personally served summons on Stephen D. Brown, at the Office of Corizon Health, Inc., in an attempt to serve Dr. Sharon Owens on April 18, 2021. Plaintiff claims that this "evidence" should allow for the Court to reopen the present matter. [ECF No. 44].

## Discussion

Unfortunately, there are no exceptional circumstances here that justify extraordinary relief. Corizon Legal Department contacted plaintiff by letter on March 17, 2022, and stated:

> I am writing in response to the request mailed to Corizon Health for address and place of employment pertaining to Dr. Sharon Owens. Please be advised that we have conducted a due diligent search and according to our records a Sharon Owens is not now and never has been an employee of Corizon Health.

[ECF No. 29]. Therefore, although the Williamson County Sheriff's Department may have left the summons with the Office of Corizon Health on April 18, 2021, Corizon has informed both the Court, as well as plaintiff that Dr. Sharon Owens is not employed by Corizon. Thus, service could not be effectuated on this defendant at Corizon Health.

As such, the Court declines to provide plaintiff with relief from final judgment in this matter. Plaintiff is therefore not entitled to reconsideration of the dismissal of his complaint, and his motion will once again be denied. Plaintiff will also be barred from filing any additional motions in this closed action.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's third motion for reconsideration of the dismissal of this action [ECF No. 44] is **DENIED**.

**IT IS FURTHER ORDERED** that an appeal of this dismissal would not be taken in good faith.

**IT IS FURTHER ORDERED** that the Clerk shall not accept any additional filing from plaintiff in this action. Any filings not related to an appeal shall be returned to plaintiff.

Dated this 8th day of August 2022.

                                                  HENRY EDWARD AUTREY
                                                  UNITED STATES DISTRICT JUDGE